IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARVIN DARNELL WATKINS #205-91
    Petitioner                 :

    v.                       :    CIVIL ACTION NO. WMN-14-1301

WARDEN JOHN S. WOLFE,        :
    Respondent

## MEMORANDUM

Respondent moves to dismiss Marvin Darnell Watkins' Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF 4). Watkins has responded,[1] arguing the applicable limitations period should be deemed equitably tolled because he attempted to return to state court many times to seek an evidentiary hearing to address his post-conviction concerns. He further argues that the one-year limitations period set forth in 28 U.S.C. § 2254 constitutes an ex post facto law that improperly restricts the right to seek habeas corpus relief.[2] (ECF 6). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition with

---

[1] Subsequent to filing his response, Watkins moved for appointment of counsel. (ECF 7). There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely,* 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent prisoner pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing Section 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed "[i]f an evidentiary hearing is required." Upon review of the pleadings, Watkins has adequately articulated his claims, the time-bar issue is not unduly complex, and an evidentiary hearing is not warranted. Appointment of counsel is denied.

[2] Watkins misunderstands the application of the Ex Post Facto Clause of the United States Constitution, which prohibits retroactive increases in punishment for a crime after its commission. *See* U.S. Const. art I, § 9; *Collins v. Youngblood,* 497 U.S. 37, 43-43 (1990). The Clause assures that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham,* 450 U.S. 24, 28-9 (1981). Watkins, convicted in 1990, filed his first collateral attack more than six years after sentencing, and seven months after the statutory limitations period was signed into law. When his first post-conviction petition became final in November of 1997, Watkins had sufficient opportunity to seek federal habeas corpus relief but failed to do so.

prejudice as it contains one claim that is not cognizable and otherwise is time-barred.

**Procedural History**

On February 12, 1990, Watkins pleaded guilty in the Circuit Court for Baltimore City to one count of first-degree murder and one count of second-degree murder. On March 26, 1990, Watkins was sentenced to life imprisonment with all but 50 years suspended on the first-degree murder conviction, 20 years concurrent incarceration on the second-degree conviction, and five years' probation upon release. (ECF 4-1 and 4-2; ECF 1). Watkins did not file an application for leave to appeal the entry of his guilty plea and sentence. (*Id.*). His judgment of conviction became final for direct appeal purposes in 1990.

On November 25, 1996, Watkins filed a post-conviction petition in the Circuit Court for Baltimore City. (ECF 4-1 and 4-2; ECF 1). On October 17, 1997, post-conviction relief was denied. Watkins did not file a timely application for leave to appeal the denial of post-conviction relief. (ECF 4-1; ECF 1). His collateral review proceedings thus became final on November 17, 1997, when the time for doing so expired. *See* Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

On April 1, 2002, Watkins sought to reopen post-conviction proceedings in the Circuit Court. (ECF 1; ECF 4-1). On July 9, 2002, the motion was denied; the ruling on the motion became final on August 8, 2002, when the time for seeking leave to appeal expired. *See* Md. Rule 8-204(b).

On December 4, 2002, Watkins filed another motion to reopen post-conviction proceedings which was denied on March 13, 2003. (ECF 4-1; ECF 1). The Court of Special Appeals of Maryland denied leave to appeal; the court's mandate issued on July 5, 2005. (*Id.*).

While the motion to reopen post-conviction proceedings was pending, Watkins filed a motion to correct illegal sentence in the Circuit Court. The motion was denied by order dated April 7, 2004. (ECF 4-1; ECF 1). A second order denying the motion to correct illegal sentence was entered on June 3, 2004. (*Id.*). This judgment was affirmed by the Court of Special Appeals in an opinion filed on July 28, 2006. The mandate issued on August 28, 2006. (ECF 4-3). Judgment became final on September 12, 2006, when the time for seeking review in the Court of Appeals of Maryland expired. *See* Md. Rule 8-302 (certiorari petition must be filed no later than 15 days after the Court of Special Appeals issues its mandate).

On March 19, 2008, Watkins filed a motion to reopen post-conviction proceedings, which was denied on April 22, 2008. (ECF 4-1; ECF 1). On May 13, 2009, the Court of Special Appeals denied leave to appeal; the court's mandate issued on June 12, 2009. (ECF 4-4; ECF 1).

On March 27, 2012, Watkins filed another motion to reopen post-conviction proceedings, which was denied on April 27, 2012. His request for en banc review was denied on June 6, 2012. (ECF 4-1; ECF 1).

On July 31, 2012, Watkins filed his second post-conviction petition, which the Circuit Court determined to be a request to reopen post-conviction proceedings and denied on February 19, 2013. (ECF 4-1; ECF 1). Watkins did not file a timely application for leave to appeal that determination, and the ruling became final on March 21, 2013. *See* Md. Rule 8-204(b).

On May 6, 2013, Watkins filed a motion to reopen post-conviction proceedings, which was denied on July 3, 2013. (ECF 4-1; ECF 1). Watkins' application for leave to appeal was denied on February 21, 2014, with the mandate issuing on March 24, 2014. (ECF 4-1; ECF 1, Ex. 6).

On April 15, 2014, Watkins signed his first federal habeas corpus Petition, received and

instituted by the Clerk the following day,[3] presenting two claims: (1) the trial court committed reversible error by failing to comply with the "knowing and intelligent" requirement of Maryland Rule 242(c); and (2) the trial court violated his Sixth and Fourteenth Amendment rights by accepting his guilty plea without Watkins being informed of the elements of the offenses for which the plea was tendered. (ECF 1-1, p. 6).

**Threshold Issues**

Cognizability

Watkins' first claim for relief concerns the application of a Maryland rule. A writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). "'Federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. Accordingly, trial court error concerning a state rule or procedure is not cognizable in a federal habeas corpus proceeding.[4]

Statute of Limitations

Watkins' second claim for relief is derivative of his first, claiming violation of his Sixth and Fourteenth Amendment rights because the trial court accepted his guilty plea without

---

[3] The Petition is deemed filed on the date it was signed, April 15, 2014. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[4] Watkins raised this allegation of error in his first post-conviction proceeding, filed November 25, 1996. The post-conviction court reviewed the record, analyzed the version of Maryland Rule 4-242(c) in effect in 1990, discussed Maryland's standard under which guilty pleas are examined pursuant to *State v. Priet*, 289 Md. 267, 275-76 (1981), and referenced the constitutionality of guilty pleas outlined in *Boykin v. Alabama*, 395 U.S. 238 (1969). The court then found that Watkins understood the nature of his plea, even though the specific elements of the crimes to which he pleaded guilty were not explicitly stated during plea proceedings. (ECF 1, Ex. 2, October 15, 1997 Memorandum and Order, Smith, J.). This allegation of error was known to Watkins in 1996; thus, even if it were deemed cognizable (which it is not), it would be time-barred, for reasons noted herein.

Watkins being informed of the elements of the offenses for which the plea was tendered. Because this claim is premised on violations of constitutional law, it appears to be cognizable and thus proper for federal review, unless time-barred.

Watkins argues that he sought federal habeas corpus relief on this claim within one year following completion of his attempts to have the state courts review his conviction based on a recent Maryland Court of Appeals decision, *State of Maryland v. Daughtry,* 419 Md. 35 (Md. 2011), which overturned a conviction on direct appeal based on a deficient plea colloquy that did not explain the nature of the offense in sufficient detail. He notes that he repeatedly raised this contention, in some form or another, in virtually every post-judgment proceeding filed in the state courts; and argues that the Maryland courts now have "newly recognized the constitutional right asserted in [his] Petition . . . in *Daughtry*" (ECF 6, p. 9). Watkins notes that within 45 days after the *Daughtry* decision, he sought unsuccessfully to raise the allegations before the Circuit Court for Baltimore City on collateral review, and continued to pursue the claim through the state courts under various guises, culminating in defeat by way of a mandate issued on March 24, 2014. (ECF 6, pp. 9-10).

Before considering this claim, a discussion of the limitations period for seeking federal habeas corpus relief is in order. The Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S. C. § 2254. That limitations period, set forth at 28 U.S. C. § 2244(d),[5] provides a one-year statute

_____

[5] This section provides:

of limitations in non-capital cases for those convicted in a state case. Although the statute is silent as to how it should be applied to persons such as Watkins whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Watkins' first state post-conviction petition, which included his claim that his due process rights were violated because the guilty plea did not explicitly state the elements of the crimes to which he pled, was pending between November 25, 1996 and November 17, 1997, after which time his one-year federal limitations period began to run. As noted above, Watkins repeatedly sought collateral attack on his conviction on this claim in the state courts between

---

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

2002 and 2009. During this time, however, he did not pursue federal habeas corpus relief. To the extent Watkins' habeas claim is premised on a violation of the Sixth and/or Fourteenth Amendment, or in any way is derivative of the protections afforded in *Boykin v. Alabama*,[6] 395 U.S. 238, 242 (1969), the claim was presented in Watkins' first post-conviction petition. Thus, it could have been presented for federal habeas corpus review promptly, after post-conviction proceedings ended in November of 1997. The claim is statutorily time-barred, and nothing suggests equitable tolling should be applied to resurrect the claim at this juncture.

To the extent Watkins is attempting to revive the claim as timely based on case law interpreting a Maryland rule, he fares no better. *Daughtry* did not introduce a new right; rather, it clarified a state procedural rule. A discussion of the recent state decision is in order. On September 5, 2006, Demetrius Daughtry pleaded guilty to first-degree murder and a handgun offense in the Circuit Court for Prince George's County. On direct appeal, Daughtry argued that his plea colloquy was insufficient to show that his plea was voluntary and based on his understanding of the nature of the charges. The Court of Special Appeals vacated Daughtry's convictions, and the State obtained *certiorari* review.

On April 25, 2011, the Maryland Court of Appeals examined Maryland Rule 4-242 and applicable case law and affirmed the lower appellate court ruling. In so doing, the court held that a defendant must be made aware of the nature of the charges against him, and the plea record must reflect more than the fact that the defendant is represented by counsel and discussed generically the plea with his attorney. The appellate court also determined that its ruling did not overrule prior law or declare a new principle of law, and would be given full retrospective effect.

---

6 To be valid, a guilty plea must be the informed and intelligent decision of the criminal defendant, *Boykin*, 395 U.S. at 242; must be the voluntary and intelligent choice of the defendant among alternative courses of action open to him, *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); and is unacceptable if the defendant does not comprehend his constitutional protections and the charges lodged against him, *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). These constitutional protections existed at the time Watkins entered his plea.

*See Daughtry* 419 Md. At 77-78.

It is unclear what effect the *Daughtry* decision will have on Maryland guilty pleas that predate its issuance. As *Daughtry* was a state court decision, it does not constitute a new rule of constitutional law recognized by the Supreme Court so that it serves to toll the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C).

In order to be entitled to equitable tolling, Watkins must establish that either some wrongful conduct by Respondent contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

In any event, Watkins' federal petition was filed more than one year after the April 25, 2011 *Daughtry* decision. Some 336 days after *Daughtry* was decided, later, on March 27, 2012, Watkins sought to reopen post-conviction proceedings. His motion was denied on April 27, 2012, and his request for en banc review was denied on June 6, 2012. Fifty-five days later, he filed a second post-conviction petition which was rejected. A final ruling on that determination was issued on March 21, 2013. An additional 46 days lapsed before Watkins again sought to reopen post-conviction proceedings. Denial of that request became final on March 24, 2014. Twenty-two days later, he dated and signed the instant federal habeas corpus petition. This period well exceeds the 365-day limitations period for seeking such relief.

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Watkins from timely filing in this Court, either in 1997, or within one year after the

*Daughtry* decision. To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Watkins has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his cognizable claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse,* 252 F.3d at 684 (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because Watkins has not made the requisite showing. [7]

A separate order follows.

/s/
_____
William M. Nickerson
Senior United States District Judge

DATED: 9/30/2014

_____
[7] Denial of a Certificate of Appealability in the district court does not preclude Watkins from requesting a Certificate of Appealability from the appellate court.